**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**AT CHARLESTON**

**SHAWNA ESTEP,**

       **Plaintiff,**

**v.**                                  **Civil Action No:** _2:20-788_____

                                               **(Judge**_____**)**

**SPECIAL TOUCH NURSING**
**SERVICE, INC. and A SPECIAL**
**TOUCH IN HOME CARE, LLC**,

       **Defendants.**

## COMPLAINT

Plaintiff alleges and says as follows:

1.    That this is an action brought by the Plaintiff to recover damages due and owing under the federal law known as the Fair Labor Standards Act (hereinafter "FLSA") for failure to pay appropriate wages as required by law. The plaintiff seeks money damages for wages that were not paid as required by **29 U.S.C. 207**, Fair Labor Standards Act, liquidated damages equal to the amount owed, costs, injunctive relief, attorneys' fees, and other relief as a result of Defendant's commonly applied policy and practice of not paying overtime in violation of federal and state wage and hour laws.

1

2.      That in addition to the individual action brought by the plaintiff this is a proposed collective action under **29 U.S.C. §216(b)**, for money damages, liquidated damages equal to the amount owed, costs, injunctive relief, and attorneys' fees and other relief as a result of Defendants' commonly applied policy and practice of designating Plaintiff and other similarly situated employees who were not paid overtime in violation of federal wage and hour laws.

3.      Plaintiff sues on behalf of themselves and those members of the above-defined class who have filed or will file with the Court their consents to sue. This is an appropriate collective or representative action under **29 U.S.C. § 216(b)**, sometimes referred to as an "opt-in class action." Plaintiff and the putative class are similarly situated in that they are all subject to Defendants' common plan or practice of not paying overtime wage and other violations of said Act.

4.      That the plaintiff, Shawna  Estep at all times material hereto, was a citizen and resident of Kanawha County, West Virginia, and was employed by defendants Special Touch Nursing Service, Inc. and A Special Touch In Home Care, LLC.

5.      That at all times alleged herein, the defendant, Special Touch Nursing Service, Inc., was a corporation and is qualified to do business and is doing business in Southern District of West Virginia, and further, Special Touch Nursing Service, Inc. operates a place of business in Kanawha County, West Virginia and is within the jurisdiction of this Court.

6.      The defendant, Special Touch Nursing Service, Inc. is an employer engaged in interstate commerce as that term is defined under the Fair Labor Standards Act.

7.      That at all times alleged herein, the defendant, A Special Touch In Home Care, LLC, was a corporation and is qualified to do business and is doing business in Southern District of West Virginia, and further, A Special Touch In Home Care, LLC operates a place of business in Kanawha County, West Virginia and is within the jurisdiction of this Court.

8.      The defendant, A Special Touch In Home Care, LLC is an employer engaged in interstate commerce as that term is defined under the Fair Labor Standards Act.

9.      The United States District Court for the Southern District of West Virginia has subject matter jurisdiction over this suit under the provisions of **28 U.S.C. § 1331** because it raises questions under the Federal Fair Labor Standards Act, **29 U.S.C. § 216(b)**.

10.     The venue is proper in this district pursuant to **28 U.S.C. § 1391(b)(c)** because the Defendants may be found in this district and the challenged conduct occurred in West Virginia.

11.     That the Defendants are two corporations established by the same or related individuals to provide in-home nursing care.

12.     That the Defendants share the same locations and staff.

13.     That the Defendants, in order to avoid the requirement of the Fair Labor Standards Act, split their employee's paychecks between the two defendants so as to illegally not pay maximum hour wages, commonly known as overtime.

14.     That the Defendants were fully aware of the exact duties and responsibilities assigned to Plaintiff and knew or should have known that they were therefore illegally not paying maximum hour wages, commonly known as overtime.

3

15.     That during these times, Defendants were also fully aware of the law regarding the payment of maximum hour wages, commonly known as overtime.

16.     Despite this knowledge Defendants willfully, and or negligently, failed and refused to correct their illegal actions and to pay maximum hour wages, commonly known as overtime to said plaintiff.

17.     That in addition, during this time the Plaintiff frequently worked more than 40 hours each week, but, despite her non-exempt job duties, she was never paid wages for hours actually worked in excess of 40 hours per week.

18.     That the plaintiff, Shawna  Estep, began employment with the defendants, Special Touch Nursing Service, Inc. and A Special Touch In Home Care, LLC on October 1, 2012, and has been continuously employed thereafter.

19.     That without limitation the defendants would make the following specific wage and hour violations.

   a.   Defendants would assign job duties to the plaintiff that required her to work more than forty (40) hours a week but they would not pay her overtime.

   b.   That in order to avoid overtime the defendants would split the plaintiff's duties between the corporations although said duties were of the same nature of work in that the plaintiff provided in-home nursing care to patients or clients of the defendants.

20.     That the defendants, Special Touch Nursing Service, Inc. and A Special Touch In Home Care, LLC in violation of Federal law, failed to pay plaintiff wages and benefits due and owing, which were earned by said plaintiff.

4

## COUNT ONE

### INDIVIDUAL CLAIM FOR VIOLATION OF THE
### FAIR LABOR STANDARDS ACT

21.    That the preceding paragraphs are realleged as if restated herein.

22.    Based on the foregoing, Defendants' conduct in this regard was a violation of the Federal Fair Labor Standards Act and entitles Plaintiff to compensation for all hours in which she was not paid overtime hours worked, liquidated damages, attorneys' fees, and court costs.

## COUNT TWO

### COLLECTIVE ACTION CLAIM FOR
### VIOLATION OF THE FAIR LABOR STANDARDS ACT ON
### BEHALF OF PLAINTIFF AND ALL OTHER SIMILARLY
### SITUATED EMPLOYEES, CURRENT OR FORMER

23.    That the preceding paragraphs are realleged as if restated herein.

24.    Based on the foregoing, Defendants' conduct in this regard was a violation of the Federal Fair Labor Standards Act and entitles Plaintiffs to compensation for all hours in which they were not paid minimum wage, overtime hours worked, liquidated damages, attorneys' fees, and court costs.

**WHEREFORE**, the plaintiff demands:

a.    Judgment against the defendants for an amount equal to the loss of all wages, plus interest;

b.    Liquidated damages;

c.    Attorney fees and costs; and

d.    Such further equitable and legal relief as this Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY**.

<u>**SHAWNA  ESTEP**</u>
**By Counsel**

_____
**J. Michael Ranson State Bar # 3017**
**Cynthia M. Ranson State Bar # 4983**
RANSON LAW OFFICES PLLC
1562 Kanawha Blvd., East
Charleston, West Virginia 25311
(304) 345-1990
jmr@ransonlaw.com
cmr@ransonlaw.com


**G. Patrick Jacobs State Bar #1867**
JACOBS LAW OFFICE
7020 MacCorkle Avenue, SE
Charleston, WV  25304
(304) 926-6676
pjacobs@bjblaw.com


Counsel for plaintiff